Karla M. McLucas, Director Department of Labor and Industrial Relations P.O. Box 504 Jefferson City, Missouri 65102-0504
Dear Director McLucas:
This opinion is in response to your questions asking:
 1. Do Administrative Law Judges (ALJs) for the Missouri Department of Labor and Industrial Relations, Division of Workers' Compensation, employed pursuant to Section 287.610 RSMo, and compensated pursuant to § 287.615, accrue annual and sick leave pursuant to the regulations authorized by § 36.350 RSMo? If so, is the use of the leave subject to the regulations authorized by § 36.350? If ALJs do not accrue leave, are they paid the statutory salary without regard to the number of hours worked?
 2. When an ALJ resigns can she/he be paid for accrued annual leave?
 3. Are the answers to the above questions the same for Legal Advisors employed by the Missouri Department of Labor and Industrial Relations, Division of Workers' Compensation?
Sections 287.610, 287.615 and 287.616, RSMo 1994, describe the administrative law judges and legal advisors who are the subject of your questions. Such sections provide, in relevant part:
 287.610. Administrative law judges, appointment and qualification — removal, review committee, process — jurisdiction, powers — continuing training required. — 1. The division may appoint such number of administrative law judges as it may find necessary, but not exceeding twenty in number, who shall be duly licensed lawyers under the laws of this state. Administrative law judges shall not practice law or do law business and shall devote their whole time to the duties of their office. Any administrative law judge may be discharged or removed only by the governor, based upon review by the department, pursuant to an evaluation by the administrative law judge review committee of the judge's conduct, performance and productivity. The administrative law judge review committee shall be composed of. . . . Upon a signed written letter of complaint, the administrative law judge review committee may institute a review, without the direction of the director of the department, of an administrative law judge and submit its findings to the governor.
* * *
 287.615. Employees of division — compensation — selection. — 1. The division may appoint or employ such persons as may be necessary to the proper administration of this chapter. All salaries to clerical employees shall be fixed by the division and approved by the labor and industrial relations commission. The annual salary of each legal advisor, administrative law judge, administrative law judge in charge, and chief legal advisor shall be as follows:
 (1) For each legal advisor, forty-one thousand dollars;
 (2) For each chief legal advisor, forty-three thousand dollars;
 (3) For each administrative law judge, forty-eight thousand dollars;
 (4) For each administrative law judge in charge, fifty-one thousand dollars.
 2. In addition to the compensation specified in subsection 1 of this section, such employees shall receive any salary adjustment provided pursuant to section 105.005, RSMo.
* * *
 287.616. Legal advisors to act as associate administrative law judges, when, powers. — 1. Legal advisors shall act in the capacity of associate administrative law judges with the power to approve agreements of settlement or compromise entered into pursuant to section 287.390.
 2. Legal advisors shall also act in the capacity of associate administrative law judges in those offices having only one administrative law judge and shall have jurisdiction to hear and determine claims upon original hearing. With respect to original hearings the legal advisor shall have such jurisdiction and powers as are vested in the division of workers' compensation under other sections of this chapter.
Section 36.350, RSMo 1994, to which you refer in your questions, provides:
 36.350. Sick and annual leaves — regulations to apply to all state agencies. — The regulations shall provide for the hours of work, holidays, attendance, and leaves of absence in the various classes of positions subject to this law. They shall contain provisions for annual leave, sick leave, and special leaves of absence, with or without pay, or with reduced pay, and may allow special extended leaves for employees disabled through injury or illness arising out of their employment, and the accumulation of annual leave and sick leave. Such regulations shall apply in all state agencies.
The regulation relating to annual leave and sick leave,1 CSR 20-5.020, contains provisions relating to earning and accumulating annual leave and sick leave. For example, in most instances full-time employees with less than 10 years of state service earn 10 hours of annual leave and 10 hours of sick leave for each calendar month of service. Employees may accumulate annual leave up to 24 times the employee's monthly accrual rate and may accumulate sick leave without limit.
In Missouri Attorney General Opinion No. 209-83, a copy of which is enclosed, this office considered whether certain state department heads were entitled to payment for annual leave benefits. The department heads' salary was specified by statute as "an annual salary of forty thousand dollars." In concluding that such department heads were not entitled to payment of accrued annual leave upon termination as department director, this office stated:
 The right of public officers to compensation is purely a creature of statute, and such compensation statutes are strictly construed against the public officer.
* * *
 Strictly construed, as Missouri appellate decisions require, this statute [providing an annual salary of forty thousand dollars] creates a right of compensation of a certain amount of money. The statute mentions nothing of annual leave benefits. If the heads of departments were entitled to compensation for annual leave benefits, their compensation would, in our opinion, exceed the statutory rate specified by the General Assembly.
Id. at pp 3-4.
Your inquiry relates to administrative law judges and legal advisors whose annual salaries are specified in Section287.615.[1] With annual salaries specified by statute, as in the situation considered in Opinion No. 209-83, any compensation for accrued annual leave would result in the annual compensation exceeding the statutory rate. Therefore, we conclude that administrative law judges and legal advisors are not paid accrued annual leave on termination of such employment.
With regard to the accumulation of annual and sick leave, in Opinion No. 90-83, a copy of which is enclosed, this office concluded that officers who are compensated at specific rates pursuant to statute do not accumulate sick leave pursuant to Section 36.350, RSMo. The opinion dealt with court reporters whose annual salary was specified by statute. In concluding court reporters do not earn sick leave, this office stated:
 Strictly construed, as Missouri appellate decisions require, this statute creates a right of compensation of a certain amount of money. Nothing is mentioned about annual or sick leave benefits. If official court reporters were entitled to compensation for annual or sick leave benefits, their compensation would improperly exceed the statutory rate specified by the General Assembly.
Id. at pp. 4-5. Similarly, because administrative law judges and legal advisors are compensated at a specific statutory rate, we conclude they do not accumulate annual or sick leave under Section 36.350.
You also inquire if administrative law judges and legal advisors receive their statutory salary regardless of the number of hours worked. In State ex rel. Vossbrink v. Carpenter,388 S.W.2d 823 (Mo. banc 1965), the Missouri Supreme Court held that county school superintendents were entitled to the compensation provided by statute for certain transportation and budget duties even in those counties where superintendents had no duties with respect to transportation or budgets. The Court stated:
 [T]here is no claim that these superintendents have abandoned their office, and "the fact that he does not perform all or any of its duties will not affect his right to the salary attached thereto unless a statute otherwise provides." [Citations omitted.] If, as it must be conceded, the sums involved here are salary "the annual amount of such salary . . . is fixed by the Legislature and no other officer or officers have authority to change it, either before or after it is due and payable." [Citation omitted.] The General Assembly could have attached conditions to the superintendents' right to receive additional compensation but it did not do so.
Id. at 826-827. See also Missouri Attorney General Opinion Letter No. 525, Phillips, 1969, a copy of which is enclosed. In the situation about which you are concerned, Section 287.615 provides an annual salary for administrative law judges and legal advisors. The statute attaches no conditions to receipt of the annual salary, such as working a specified number of hours. Further, there is no provision authorizing any other officer to change the salary. Pursuant to the statute, administrative law judges and legal advisors are entitled to the statutory salary regardless of the number of hours worked.
 CONCLUSION
It is the opinion of this office that administrative law judges and legal advisors whose annual salary is specified in Section 287.615, RSMo 1994, are not paid accrued annual leave on termination of such employment, do not accumulate annual leave or sick leave under Section 36.350, RSMo 1994, and are entitled to the statutory salary regardless of the number of hours worked.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosures
[1] In addition to the annual amounts specified in subsection 1 of Section 287.615, subsection 2 authorizes salary adjustments pursuant to Section 105.005, RSMo 1994. The adjustments pursuant to Section 105.005 are unrelated to the questions posed in your opinion request and are based primarily on the percentage increase in personal income of Missouri.